UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISSA GOMEZ, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

EDIBLE ARRANGEMENTS, LLC,

                Defendant.

Case No.

## NOTICE OF REMOVAL BY DEFENDANT EDIBLE ARRANGEMENTS, LLC

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant Edible Arrangements, LLC hereby removes this action from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, Civil Division, the court in which the cause is currently pending, to the United States District Court for the Middle District of Florida. In support thereof, Edible Arrangements, LLC states as follows:

**A.    Plaintiff Filed Suit in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida**

1.    Defendant, Edible Arrangements, LLC, exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the state Court where this case is pending under the name and style of *Marissa Gomez,*

*individually and on behalf of all others similarly situated vs. Edible Arrangements, LLC,* Case No. 2022-CA-002769.

2. 28 U.S.C. § 1441(a) provides that any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district or division embracing the place where such action is pending.

3. Plaintiff Marissa Gomez filed this action on October 26, 2022 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

4. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of each paper docketed in the state court are attached hereto as **Exhibit A**.

5. No proceedings have occurred in state court as of the date of this Notice of Removal. The time in which any defendant is required by state law or rules of court to answer or plead in response to the complaint has not expired. Defendant has not filed a responsive pleading to the complaint in state court. Defendant hereby reserves any and all rights to assert any and all defenses and/or objections to the complaint.

6. The complaint sets forth one count for relief pursuant to the Florida Telephone Solicitation Act, Fla. Stat. § 501.059.

7. The complaint also purports to be on behalf of a class of similarly situated persons.

8.  As discussed herein, Defendant properly removes this action under 28 U.S.C. § 1332.

## B.  Defendant Timely Seeks Removal

9.  Defendant was served with the Summons and the Complaint on November 3, 2022.

10.  This Notice of Removal is filed and served within 30 days of receipt by any defendant of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b).

## C.  This Action Is Properly Removable Pursuant to 28 U.S.C. § 1332(a)

11.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because it is between citizens of different States. The complaint alleges that Plaintiff resides in Florida, making her a citizen of Florida for diversity purposes. Compl. ¶ 11 ("Venue in this District is proper because Plaintiff resides here . . . .").

12.  Defendant is a citizen of Delaware and Georgia as it is a Delaware limited liability company with its principal place of business in Georgia. 28 U.S.C. § 1332(c)(1).

13.  Accordingly, there is complete diversity between the parties because Plaintiff is a citizen of Florida and Defendant is a citizen of Delaware and Georgia.

14.  In addition, the amount in controversy in this action "exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

Although the complaint alleges that the "matter in controversy **exceeds** the sum or value of $30,000.00 exclusive of interest, costs, and attorney's fees," Compl. ¶ 9 (emphasis added), this allegation does not set forth the amount of damages actually sought. *See id.* at 8 (seeking "[a]n award of statutory damages for Plaintiff and each member of the Class"). 28 U.S.C. § 1446(c)(2)(A) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks … (ii) a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded.").

15. The complaint also includes other prayers for relief that, on its face, increase the amount in controversy above $75,000.

16. For example, the complaint includes a prayer for an "injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class." *Id.* at 8. Although this injunctive relief is vague and would be entirely improper and unwarranted, the value of this injunctive relief would exceed $75,000. 28 U.S.C. § 1446(c)(2)(A) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks (i) nonmonetary relief.").

17. Additionally, Plaintiff seeks statutory damages on behalf of a purported class whose size is as of yet unknown. If this class is certified, and if the class succeeds on the merits, the complaint contends that each member of the class would be entitled to recover statutory damages in the amount of $500 per

violation. Fla. Stat. § 501.059(10)(a)(2). Thus, based also on the broadly defined class, Compl. ¶ 20, the amount in controversy of this case is in excess of $75,000.

## D.    Alternatively, This Action Is Properly Removable Pursuant to 28 U.S.C. § 1332(d)

18.    Additionally, this Court has original jurisdiction pursuant to the Class Action Fairness Act.

19.    Pursuant to the Class Action Fairness Act, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).

20.    This case is a class action as it was brought pursuant to Florida Rule of Civil Procedure 1.220, which is a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

21.    As discussed above, Plaintiff does not state the amount in controversy in the complaint. But, as also discussed above, in light of Plaintiff's broadly defined class, the statutory damages at issue, and Plaintiff's request for injunctive relief, the amount in controversy of this case is in excess of $5,000,000. 28 U.S.C. § 1332(d)(2).

22.    As discussed above, Plaintiff is a citizen of the state of Florida and Defendant is a citizen of the states of Delaware and Georgia. *See supra* ¶¶ 11–12. As at least one member of Plaintiff's proposed class is a citizen of a state different

than Defendant, the diversity requirement of the Class Action Fairness Act is met. 28 U.S.C. § 1332(d)(2)(A).

23.  Although the Class Action Fairness Act contains several exceptions, none of them apply here. For any exception to apply, the defendant must be a citizen of the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(3) (requiring that "the primary defendants are citizens of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(A) (requiring at least one defendant be "a citizen of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(B) (requiring "the primary defendants" to be "citizens of the State in which the action was originally filed"). As Defendant is a citizen of Delaware and Georgia, and as this action was originally filed in Florida, none of these exceptions apply.

24.  Additionally, the Class Action Fairness Act does not apply a claim "concerning a covered security," "that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized," or "that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security . . . ." 28 U.S.C. § 1332(d)(9)(A)–(C). Plaintiff's claim under the Florida Telephone Solicitation Act does not fall within any of these categories.

**E.      Venue Is Proper In This Court**

25.     The United States District Court for the Middle District of Florida is the federal judicial district embracing the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, where the suit was originally filed. 28 U.S.C. § 89(b); *see also* 28 U.S.C. § 1441(a). Venue is therefore proper in this District.

**F.      Notice**

26.     Upon filing the Notice of Removal, Defendant will furnish written notice to Plaintiff and will file and serve a copy of this Notice with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

27.      Edible Arrangements, LLC has not previously applied for the relief sought herein.

Respectfully submitted this 23rd day of November, 2022.

*/s/ Mark J. Criser*
Mark J. Criser (FBN 0141496)
mark.criser@hwhlaw.com
regina.bigness@hwhlaw.com
Steven L. Cline (FBN 1010682)
steve.cline@hwhlaw.com
michelle.armstrong@hwhlaw.com
HILL WARD & HENDERSON, P.A.
101 East Kennedy Blvd.
Tampa, Florida 33602
Telephone:   (813) 221-3900
Facsimile:   (813) 221-2900

Jason J. Carter – Lead Attorney
Ga. Bar No. 141669
(Pro Hac Vice Forthcoming)
Solesse L. Altman

>Ga. Bar No. 442827
>(Pro Hac Vice Forthcoming)
>Megan E. Cambre
>Ga. Bar No. 167133
>(Pro Hac Vice Forthcoming)
>
>BONDURANT, MIXSON & ELMORE, LLP
>1201 W Peachtree St NW
>Suite 3900
>Atlanta, GA  30309-3417
>Phone: 404-881-4100
>Fax: 404-881-4111
>carter@bmelaw.com
>altman@bmelaw.com
>cambre@bmelaw.com
>
>***Attorneys for Defendant Edible Arrangements, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic mail this 23rd day of November, 2022 to: Benjamin W. Raslavich, Esq. at Kuhn Raslavich, P.A., ben@theKRfirm.com.

>/s/ *Mark J. Criser*
>       Attorney